UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ELAN RICKY-KEONI RADER**           **DOCKET NO. 6:22-cv-236**
                                     **SECTION P**

**VERSUS**                           **JUDGE DAVID C. JOSEPH**

**SHIFT LEAD TYLER, ET AL**          **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Before the court is a civil complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Elan Rickey-Keoni Rader, who is proceeding *pro se* and *in forma pauperis* in this matter. Rader is currently incarcerated at the Cook County Correctional Center in Gainesville, Texas. The allegations giving rise to the instant suit occurred at the Evangeline Parish Jail in Evangeline Parish, Louisiana.

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

### I.     Background

Plaintiff alleges that an inmate at the Evangeline Parish Jail, Steven Ardoin, began sexually harassing him in September 2021. Rec. Doc. 1 p. 3. He reported

the behavior to Shift Lead Tyler, who took witness statements and put plaintiff in isolation. *Id.*

Plaintiff also complains that on one occasion, Tyler denied his request for medical care and it wasn't until the shift change that another officer called an ambulance and plaintiff received the medical attention he requested. *Id.*

## II. Law & Analysis

### A. *Frivolity Review*

Rader has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397,

400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

## B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. Improper Handling of Sexual Harassment Complaint

The plaintiff alleges that Tyler improperly investigated and handled his claims of sexual harassment under the PREA and failed to discipline inmate Ardoin accordingly. However, the PREA does not establish a private cause of action. *Krieg v. Steele,* 599 F. App'x 231, 232-233 (5th Cir. 2015); see also *Abshire v. Corrections Corporation of America*, No. 15-2470, 2015 U.S. Dist. LEXIS 177402, 2015 WL 10579295 (W.D. La. Dec. 21, 2015) ("The PREA does not create a private right of action for inmates to sue prison officials for noncompliance with the PREA."). Instead, the PREA was intended to address the problem of rape in prison, authorize

grant money, and create a commission to study the issue; it does not give prisoner's any specific rights. *Id*.

Moreover, the defendant's alleged failure to investigate the plaintiff's sexual harassment claims does not implicate any constitutional right to which the plaintiff is otherwise entitled. Fifth Circuit law is clear in this context, in that a mere failure to investigate or respond to an inmate's written requests or administrative complaints is not a basis for liability under § 1983. To the contrary, there is no constitutional right to an investigation or to a favorable response in reply to a written complaint or administrative grievance. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

Moreover, Rader concedes that upon reporting the alleged sexual harassment to Tyler, he took witness statements and removed Rader from the cell, placing him in isolation for his own safety. Doc. 1, p. 3.

Based on the foregoing, the plaintiff's claims against Tyler for failing to properly investigate his claims of sexual harassment are due to be dismissed for failing to state a claim upon which relief can be granted.

### 2. *Denial of Medical Care*

Rader also complains that defendant Tyler denied his request for medical care and it wasn't until the next shift that an officer called an ambulance for his unspecified medical needs. Doc. 1, p. 3. A delay in providing medical care does

not give rise to a constitutional violation unless the deliberate indifference of the medical staff results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Even if Rader was able to prove deliberate indifference on the part of Tyler, a claim he has not raised at this juncture, he has not alleged any harm as a result of the slight delay in receiving medical care and, as such, this claim is without merit.

### 3. *Injunctive Relief*

In addition to compensatory relief, plaintiff asks this Court to grant injunctive relief in the form of removing Tyler from his job and providing PREA regulation and LGBTQ training for all Evangeline Parish Prison officials. The federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith,* 439 F.2d 146, 147 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137, 1138 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts not to assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 121 S. Ct. 1475, 1480 (2001). The Court finds that it would be against that precedent and the public's interest, if not an abuse of judicial resources, to entertain Rader's request for this relief. *See Ware v. Tanner*, No. 12-2250, 2013 U.S. Dist. LEXIS 146845, at *13 (E.D. La., Oct. 10, 2013).

### *4. Claims against Inmate Ardoin*

Finally, Rader names inmate Ardoin as a defendant. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.

Rader's allegations do not indicate that Ardoin was acting under color of state law at any time. Because the inmate is not a state actor, the § 1983 claim against him should be dismissed.

### III. Conclusion

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of March, 2022.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**